* The Court
then observed that, upon this statement, [ * 499 ] ihe decree was useless to the appellee, if it should be affirmed, as he could derive no benefit from it; and that foi this reason it must be reversed.
*448 It was the opinion of the Court that, by force of the statute for the distribution of insolvent estates, all mutual demands subsisting between the insolvent and his creditors, at the time of his death, were to be liquidated and balanced. If the balance be against the estate, it must be laid before the commissioners, and be by them reported to the judge, that the creditor may receive his dividend. If the balance be against the creditor, it is not a subject of the report, which is to include only claims against the estate, (a) In this last case, if the executor or administrator of the insolvent sue the creditor at law, he must have a right, resulting from the principles of the statute, to plead his own demand by way of set-off, and the executor or administrator can recover only the balance.
If a creditor claiming a balance against the estate should, by his own loches, fail to have his balance reported, yet, on an action brought against him, he might plead his own demand by way of set-off, to prevent the executor or administrator recovering any thing against him, but he would not recover his balance against the estate. His own balance must be reported by the commissioners, or he must recover it by action sued pursuant to the statute, in the nature of an appeal from the report: and in this action, and in an action brought by him in consequence of an objection made by the executor or administrator to the report, it is competent for the defendant to plead, by way of set-off, any demand the deceased had against the plaintiff; and if the set-off should exceed the plaintiff’s demand, the executor or administrator may recover the balance. This practice results from the statute, and to avoid unnecessary suits.
If a creditor, who has objected to the report and given notice of the objection, does not prosecute his claim at law within the time limited by the statute, — if there has been any claim in his favor reported, it must stand, and he' can have no relief. [ *500 ] *If his claim has been rejected, he cannot after that time prosecute it at law, to recover a balance; although, when sued by the executor or administrator, he may plead his claim by way of set-off, in Lar of the action, so far as the set-off shall be allowed. But if the objection to the report come from the executor or administrator, and the creditor does not prosecute his claim within the time allowed by the statute, the claim reported must be struck out, and he can have no remedy at law, but by way of set-off to an action instituted by the executor or administrator in which he cannot recover any balance. (b)
Whitman and Potter for the appellant.
Mellen and Hopkins for the appellee.
It appearing that an action was pending in this Court, in which the appellant had sued the appellee, to recover the demand which the insolvent had against him, the Court gave him leave to waive his former plea, and to plead his cross demand by way of set-off. The decree complained of was reversed, no opinion being expressed as to the validity of the exceptions to the authority of the judge to allow further time in this case.

 Bordman vs. Smith, 4 Pick. 212.

 Jarvis vs. Rogers, 15 Mass. Rep. 407. — Knapp vs. Lee, 3 Pick 452. — Bordman vs. Smith 4 Pick. 212.